IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DANNY LAYNE WRIGHT, JR.,          )
                                  )
        Plaintiff,                )
                                  )
                                  )    CASE NO. 3:05-0233
v.                                )    JUDGE ECHOLS/KNOWLES
                                  )
                                  )
MONTGOMERY COUNTY, SHERIFF        )
NORMAN LEWIS, DEPUTY WAGNER,      )
                                  )
        Defendants.               )

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon Defendants' Motion For Summary Judgment. Docket Entry No. 21. In support of that Motion, Defendants have contemporaneously filed a Memorandum of Law and a Statement of Undisputed Material Facts with supporting Exhibits.[1] Docket Entry Nos. 22 and 23. Defendants have additionally submitted two Affidavits from Deputy Wagner (Docket Entry Nos. 24 and 25) and the Affidavit of Deputy Wilson (Docket Entry No. 26).

Plaintiff has filed a "Request to Deny Defendants [*sic*] Motion for Summary Judgment and Objection" (Docket Entry No. 28) and an "Argument and Reply to Defendants [*sic*] Request

---

[1] Defendants' supporting Exhibits include excerpts from Plaintiff's Deposition. Docket Entry Nos. 23-2 and 23-3.

1

to Summary Judgement [*sic*] and Reason to Support Plaintiffs [*sic*] Argument" (Docket Entry No. 29).

Plaintiff filed this pro se, in forma pauperis, action pursuant to 42 U.S.C. § 1983, alleging violations of his First and Eighth Amendment rights. *See* Docket Entry No. 1. Specifically, Plaintiff avers that, on November 10, 2004, he was maced by Deputy Wagner while he was handcuffed and non-combative, and that, Defendants failed to protect him when, on November 12, 2004, he was assaulted by a fellow inmate who had previously threatened him. *Id.* Plaintiff sues "Sheriff Norman Lewis" and "Deputy Wagner" in their individual and official capacities. *Id.* Plaintiff seeks "three million total in relief." *Id.*

Defendants filed the instant Motion For Summary Judgment on October 11, 2005. Docket Entry No. 21. Defendant Wagner argues that he is entitled to Summary Judgment in his individual capacity because Plaintiff has failed to demonstrate that he violated any of Plaintiff's constitutional rights during the macing incident, and that Plaintiff has failed to demonstrate his involvement in the assault upon Plaintiff by a fellow inmate. *Id.* Defendant Lewis argues that he is entitled to Summary Judgment in his individual capacity because liability under 42. U.S.C. § 1983 cannot be predicated upon the theory of *respondeat superior* and Plaintiff has failed to demonstrate that Defendant Lewis, as the Sheriff, personally condoned, encouraged, or participated in either incident which Plaintiff avers violated his rights. *Id.* Defendants argue that they are entitled to Summary Judgment in their official capacities because Plaintiff has failed to establish that an official Montgomery County policy or custom was adopted with deliberate indifference towards Plaintiff's constitutional rights. *Id.*

Plaintiff filed a "Request to Deny Defendants [*sic*] Motion For Summary Judgment and

2

Case 3:05-cv-00233   Document 37   Filed 01/19/06   Page 2 of 16 PageID #: 124

Objection" (Docket Entry No. 28) and an "Argument and Reply to Defendants [*sic*] Request to Summary Judgement [*sic*] and Reason to Support Plaintiffs [*sic*] Argument" (Docket Entry No. 29). Plaintiff argues, *inter alia*, that Defendants proffer "issues of circumstances that are not directly involved with the simple isolated incidents" of his Complaint, and that those incidents "did in fact happen." Docket Entry No. 29. Plaintiff argues that "the facility tape reflects the entire [macing] incident," but that Defendants "destroyed [the video] to manipulate this great court." *Id.* With regard to the assault upon Plaintiff by a fellow inmate, Plaintiff clarifies, "Plaintiff is filing Complaint for assault while on P.C. on Sheriff Norman Lewis not Deputy Wagner." *Id.* (Emphasis original.) Plaintiff further clarifies, "Wagner is only being complained on for spraying me while handcuffed for reciting Constitution of United States of America! Sheriff Norman Lewis is being complained on for hiring incompetent Deputies who directly opened my door to General Population while I was on Protective Custody and I was assaulted." *Id.* (Emphasis original.)

For the reasons set forth below, the undersigned recommends that Defendants' Motion For Summary Judgment be GRANTED, and that this action be DISMISSED.

**II. Undisputed Facts**[2]

At all times relevant to the case at bar, Plaintiff was an inmate incarcerated in the Montgomery County Jail. Docket Entry No. 23-2, Deposition of Danny Layne Wright, Jr. ("Plaintiff's Dep."), p. 8.

---

[2]Unless otherwise noted, the following facts are in a form required by Fed. R. Civ. P. 56 and are undisputed.

3

## A. Facts Pertaining Defendant Wagner

On November 10, 2004, Plaintiff was banging on his cell door and singing loudly. Plaintiff's Dep., pp. 32-33; *see also*, Docket Entry No. 25-1, Affidavit of Deputy Wagner ("Wagner Aff."), ¶ 3. Defendant Wagner entered Plaintiff's cell and ordered him to stop banging on his cell door and singing. *Id.* Plaintiff responded that he was going to "scrape more paint off of his door, kick his door, then sing some more." Wagner Aff., ¶ 3. Defendant Wagner warned Plaintiff that if he had to return to Plaintiff's cell because Plaintiff was causing a disturbance, he would "spray him." *Id.* Plaintiff "began making threatening comments and cursing" at Defendant Wagner. *Id.* Defendant Wagner instructed Plaintiff to be quiet and exited Plaintiff's cell. *Id.* Once Plaintiff's cell door had been closed, Plaintiff again began to bang on his door and yell. *Id.* Defendant Wagner informed Plaintiff that he would "be locked down for 72 hours with a loss of visitation and commissary for two weeks each." *Id.* Defendant Wagner completed a "Montgomery County Jail and Penal Farm Incident Report" memorializing these events. *Id.*

Shortly after Deputy Wagner exited Plaintiff's cell, Plaintiff used a plastic cup to obstruct water flow from the toilet and flooded his cell. Plaintiff's Dep., p. 45. Plaintiff testified that approximately 12 to 18 gallons of water went from his cell into the entire pod. *Id.*, p. 47. Defendant Wagner returned to Plaintiff's cell and directed Plaintiff to step away from the door and to place his hands against the wall. *Id.*, p. 48. Plaintiff was then handcuffed and removed from his cell. *Id.*, p. 50.

Plaintiff requested to see a Sergeant and spoke "some choice words" to Defendant Wagner. Plaintiff's Dep., p. 30. Defendant Wagner instructed Plaintiff to "be quiet or he would

4

be maced," to which Plaintiff responded that he "had a right to freedom of speech" and then began "reciting the Constitution." *Id.* Plaintiff was removed from his cell and continued to utter "some choice words" to Defendant Wagner. *Id.*, p. 59. Plaintiff began yelling to the other inmates, and Defendant Wagner told Plaintiff "at least three" times that if he did not be quiet, he would be "sprayed." *Id.*, p. 60. Plaintiff failed to comply with Defendant Wagner's orders, and Defendant Wagner sprayed Plaintiff with a "one second burst of Freeze Plus P spray." Wagner Aff., ¶ 4. Plaintiff turned his head to the left and moved, causing Defendant Wagner to "miss his face." *Id.* Defendant Wagner then reached across Plaintiff's body and sprayed him with a second "one second burst striking the nose and eyes." *Id.* When Defendant Wagner sprayed Plaintiff, the pod "erupted with banging and hollering." Docket Entry No. 26, Affidavit of Deputy Wilson ("Wilson Aff.,"), ¶ 4. Plaintiff began yelling and banging his head against the wall. Wagner Aff., ¶ 4. Defendant Wagner pulled Plaintiff away from the wall and ordered him to get to his knees. *Id.* Plaintiff complied with Defendant Wagner's order. *Id.* Plaintiff was escorted back to his cell, where his face was washed. *Id.* The effects of the pepper spray were gone within an hour and a half. Plaintiff's Dep., p. 73. Defendant Wagner completed a "Montgomery County Jail and Penal Farm Incident Report" memorializing these events. Wagner Aff., ¶ 4.

The Montgomery County Jail has rules pertaining to "causing disturbances and banging/kicking/hitting the door and/or singing," of which Plaintiff is aware. Plaintiff's Dep., p. 34. These rules are in place for the security of other prisoners, prison officers, and prison employees. Wagner Aff., ¶ 5. Plaintiff acknowledges that Deputies can order inmates to do or not to do certain things in the Jail, and that prisoners cannot flood their cells or create a

5

disturbance. Plaintiff's Dep., pp. 34, 39, 58. At the time that he was sprayed, Plaintiff was causing a disturbance and failed to comply with Defendant Wagner's orders. Wagner Aff., ¶ 5. Defendant Wagner utilized a minimum amount of force against Plaintiff in order to secure Plaintiff's compliance with his orders, to get Plaintiff to stop causing a disturbance, and to maintain and/or restore discipline. *Id.* Once Plaintiff complied with Defendant Wagner's orders, no additional force was used. *Id.*

### B.  Facts Pertaining to the Assault Upon Plaintiff by a Fellow Inmate

On November 9, 2004, Plaintiff requested to be placed in protective custody. Plaintiff's Dep., p. 108. In his request, Plaintiff did not specify that he had been threatened by Ray Ozen. *Id.*

On November 12, 2004, Plaintiff was assaulted by Ray Ozen while he was asleep in his cell. Plaintiff's Dep., p. 105. The assault lasted approximately 45 seconds before Mr. Ozen was removed from Plaintiff's cell. *Id.* Plaintiff was taken to the infirmary and treated for lacerations, none of which required stitches. *Id.*, p. 108. Plaintiff received Motrin for two weeks for "back pain" resulting from the assault. *Id.*, p. 109. Deputy Distifanno was working the control tower at the time of the incident.[3] Docket Entry No. 1.

Plaintiff sues Defendant Lewis because, as the Sheriff, he is the supervisor who oversees the department, lieutenants, corporals, sergeants, and deputies. Plaintiff's Dep., p. 115. Plaintiff believes that Defendant Lewis has a vendetta against him and therefore "allowed" the assault to occur. *Id.*, p. 114. Plaintiff admits, however, that this is a "bold assumption" and that he "can't

---

[3] Deputy Distifanno is not a party to this action.

6

prove it." *Id.*

## III. Analysis

### A. Local Rules 8(b)(3) and 8(b)(7)(c) and (g)

Local Rule 8(b)(3) states, in pertinent part:

> Each party opposing a motion shall serve and file a response, memorandum, affidavits, and other responsive material not later than ten (10) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty (20) days after the service of the motion, unless otherwise ordered by the Court. Failure to file a timely response shall indicate that there is no opposition to the motion.

As has been noted, Defendants filed the pending Motion on October 11, 2005. Docket Entry No. 21. Plaintiff did not file his "Request to Deny Defendants [*sic*] Motion for Summary Judgment and Objection" (Docket Entry No. 28) and "Argument and Reply to Defendants [*sic*] Request to Summary Judgement [*sic*] and Reason to Support Plaintiffs [*sic*] Argument" (Docket Entry No. 29) until November 28, 2005, approximately 48 days after Defendants filed their Motion. Accordingly, Plaintiffs' submissions are not timely. Because Plaintiff is pro se, however, the Court will consider his submissions despite the fact that they were not timely filed.

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 8(b)(7)(c) and (g) state, in pertinent part:

> c. Any party opposing the motion for summary judgment must respond to each fact set forth by the movant ...
>  . . .
> g. Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

7

Plaintiff has failed to appropriately respond to Defendants' Statement of Undisputed Material Facts.[4] Pursuant to Local Rule 8(b)(7)(g), Plaintiff's failure to appropriately respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Moreover, Plaintiff has not come forward with any evidence, in a form required by Fed. R. Civ. P. 56, to dispute the factual matters set forth in the Affidavits filed by Defendants. Accordingly, there are no disputed facts in the case at bar. Because this case presents no disputed facts, there is no genuine issue as to any material fact, and all that remains to be determined is whether Defendants are entitled to a judgment as a matter of law.

## B. Motion for Summary Judgment

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for Summary Judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548,

---

[4] Although Plaintiff has filed an "Argument and Reply to Defendants [*sic*] Request to Summary Judgement [*sic*] and Reason to Support Plaintiffs [*sic*] Argument" (Docket Entry No. 29), that submission does not respond to each fact set forth in Defendants' Statement of Undisputed Material Facts.

8

2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

**C.  42 U.S.C. § 1983**

**1.  Generally**

Plaintiff alleges violations of his First and Eighth Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket Entry No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party

> injured in an action at law, suit in equity, or other proper
> proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988), *citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255, *quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

### 2. First Amendment

Plaintiff avers that Defendant Wagner violated his First Amendment rights when he was maced after he failed to comply with Defendant Wagner's orders to be quiet. Docket Entry No. 1. The First Amendment provides that:

> Congress shall make no law respecting an establishment of
> religion, or prohibiting the free exercise thereof; or abridging the
> freedom of speech, or of the press; or the right of the people
> peaceable to assemble, and to petition the Government for a
> redress of grievances.

U.S. Const. amend. I.

The United States Supreme Court has held that, although incarcerated, prison inmates

retain First Amendment rights that are not incompatible with their status as prisoners or with the legitimate penological objectives of the corrections system. *Pell v. Procunier*, 417 U.S. 817, 822 (1974). A prison inmates' First Amendment rights are, therefore, subject to restriction, but those restrictions must further legitimate penological objectives in a manner no more restrictive than necessary. *Id.* Thus, challenges to prison restrictions that are asserted to inhibit First Amendment interests must be analyzed in terms of the legitimate policies and goals of the corrections system. *Id.*

### 3. Eighth Amendment

The Eighth Amendment provides that:

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

U.S. Const. amend. VIII.

The United States Supreme Court has held that the constitutional prohibition of "cruel and unusual punishments" forbids punishments that are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976) (citations omitted).

In order to establish an Eighth Amendment claim, an inmate must satisfy a two-prong test: (1) the deprivation alleged must be objectively serious; and (2) the official responsible for the deprivation must have exhibited deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994).

11

**D. The Case at Bar**

As has been noted above, Plaintiff sues Defendants in their individual and official capacities. In order to sustain his claims against Defendants in their individual capacities, Plaintiff must present affirmative evidence that each Defendant violated his rights; conclusory allegations are not enough. *See Street,* 886 F.2d at 1479. *See also, Anderson,* 477 U.S. at 257; *Nix v. O'Malley,* 160 F.3d 343, 347 (6th Cir. 1998); *Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed. 2d 695 (1990); *McDonald v. Union Camp Corp.,* 898 F.2d 1155, 1162 (6th Cir. 1990). In the case at bar, the facts are undisputed; there are no genuine issues as to any material fact. Plaintiff has failed to adduce any evidence in a form required by Fed. R. Civ. P. 56 to demonstrate that either Defendant Wagner or Defendant Lewis personally violated his rights.

Plaintiff argues that Defendant Wagner violated his First Amendment rights of freedom of speech when he was maced for continuing to speak when he had been ordered to be quiet. As has been noted above, prison inmates retain First Amendment rights that are not incompatible with their status as prisoners or with the legitimate penological objectives of the corrections system. *Pell*, 417 U.S. at 822. It is undisputed that Plaintiff was yelling and banging on his cell door, that Plaintiff was creating a disturbance, that Plaintiff incited other inmates to yell and bang on their doors, and that Plaintiff was ordered multiple times to be quiet and warned that if he failed to comply, he would be sprayed. It is further undisputed that maintaining order and discipline are legitimate penological objectives, that the Jail had rules in place regarding causing disturbances and banging/kicking/hitting the door of which Plaintiff was aware, and that despite his knowledge of the rules, Plaintiff caused a disturbance, attempted to incite a riot, and failed to

12

comply with Defendant Wagner's orders. Finally, it is undisputed that Defendant Wagner utilized a minimum amount of force against Plaintiff in order to secure Plaintiff's compliance with his orders, and that no additional force was used against Plaintiff once he complied and order was restored. Accordingly, Plaintiff cannot demonstrate that Defendant Wagner violated his First Amendment rights, and Defendant Wagner is entitled to a judgment as a matter of law.

Regarding Plaintiff's Eighth Amendment claim against Defendant Wagner in his individual capacity, Plaintiff must establish that the deprivation alleged was objectively serious and that Defendant Wagner exhibited deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834. Plaintiff cannot do so. It is undisputed that Plaintiff was causing a disturbance, that Plaintiff was aware that he was not allowed to cause a disturbance, that Plaintiff was aware that he had an obligation to comply with Defendant Wagner's orders, that Plaintiff failed to comply with Defendant Wagner's orders, that Defendant Wagner utilized a minimum amount of force against Plaintiff in order to secure Plaintiff's compliance and restore discipline, and that once Plaintiff complied with Defendant Wagner's orders, no additional force was used. It is further undisputed that Plaintiff's face was washed promptly and that the effects of the pepper spray were gone within an hour and a half. Accordingly, Plaintiff cannot establish either element of his Eighth Amendment claim, and Defendant Wagner is entitled to a judgment as a matter of law.

Insofar as Plaintiff sues Defendant Lewis in his individual capacity for "allowing" the attack on him by a fellow inmate, Plaintiff admits that he is suing Defendant Lewis because, as the Sheriff, he is the supervisor who oversees the department and its personnel. Plaintiff is, therefore, attempting to sue Defendant Lewis under a theory of *respondeat superior*. As the

13

Supreme Court has held, however, there is no *respondeat superior* liability under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 454, 70 L. Ed. 2d 509 (1981). *See also, Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978); *Street v. Corrections Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996). Plaintiff has not alleged that Defendant Lewis was directly involved in the incident, much less come forward with any evidence regarding Defendant Lewis' personal involvement in this incident. Absent personal involvement, Plaintiff cannot establish individual liability, and Defendant Lewis is entitled to a judgment as a matter of law.

With regard to his official capacity claims against Defendants, in complaints alleging federal civil rights violations under § 1983, "[a]n official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000) (*citing Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985)). *See also, Frost v. Hawkins County Bd. of Educ.*, 851 F.2d 822, 827 (6th Cir. 1988). As such, when a public employee is sued in his or her official capacity, the claims are essentially made against the public entity. *Id*. In order for the public entity to be subject to liability under § 1983, the plaintiff must plead allegations, *inter alia*, that an "official policy or custom was adopted by the official makers of policy with 'deliberate indifference' towards the constitutional rights of persons affected by the policy or custom." *City of Canton v. Harris*, 489 U.S. 378, 387-88, 109 S. Ct. 1197, 1204, 103 L. Ed. 2d 41 (1989). *See also, Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978) (In order to find a governmental entity liable, Plaintiff must establish that (1) he / she suffered a deprivation of a constitutionally protected interest, and (2)

the deprivation was caused by an official policy, custom, or usage of the local governmental entity.).

Inasmuch as Plaintiff brings the instant § 1983 claim against Defendants in their official capacities, Defendants stand in the shoes of the entity they represent (*see Claybrook*, 199 F.3d at 355 n.4), which is Montgomery County. In order to withstand this aspect of Defendants' Motion for Summary Judgment, therefore, Plaintiff must allege facts that show or imply the existence of a constitutionally deficient Montgomery County official policy, practice, or custom. *City of Canton*, 489 U.S. at 387-88. Here, Plaintiff has not alleged any facts in his Complaint relating to an official Montgomery County policy, practice, or custom that caused him injury. In fact, Plaintiff does not even mention a Montgomery County policy, practice, or custom in any of his pleadings. Accordingly, Defendants are entitled to a judgment as a matter of law as to Plaintiff's claims against them in their official capacities.

Because there are no genuine issues as to any material fact and because Plaintiff cannot establish his claims, Defendants are entitled to a judgment as a matter of law.

## IV. Conclusion

For the foregoing reasons, the undersigned recommends that Defendants' Motion For Summary Judgment be GRANTED, and that this action be DISMISSED.

Any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and

15

Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
E. CLIFTON KNOWLES
United States Magistrate Judge